UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLVO FINANCIAL SERVICES, a division of VFS US LLC, a Delaware Limited Liability Company,<br><br>            Plaintiff,<br><br>    v.<br><br>HARVEER HUNDAL, an individual,<br><br>            Defendant. | No. 1:19-cv-00455-DAD-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, IN PART<br><br>(Doc. No. 25) |

This matter is before the court on the motion for attorneys' fees and costs filed on behalf of plaintiff Volvo Financial Services. (Doc. No. 25.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 outbreak, the motion was taken under submission to be decided on the papers. (Doc. No. 26.) For the reasons set forth below, plaintiff's motion for attorneys' fees and costs will be granted in part.

**BACKGROUND**

Plaintiff filed this suit against defendant Harveer Hundal on April 9, 2019, alleging various claims arising from the alleged breach of four credit sales contracts ("the contracts"). (Doc. No. 1.) The gravamen of plaintiff's complaint is that, pursuant to the contracts, defendant purchased equipment, agreed to pay for that equipment on a monthly basis, and thereafter defaulted on the contracts by failing to pay plaintiff as required by those contracts. (*See generally*

1

*id.*)  Defendant was served with the summons and complaint but to date has not appeared in this action.  (*See* Doc. Nos. 3, 5.)

On September 27, 2019, plaintiff moved for entry of default judgment.  (Doc. No. 10.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On April 15, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion for default judgment be granted in part.  (Doc. No. 22).

On May 28, 2020, the undersigned adopted the magistrate judge's findings and recommendations and granted plaintiff's motion for default judgment in part, awarding plaintiff the following in damages:  (1) $318,279.22 in contractual damages; (2) $112,388.94 in default interest through September 30, 2019; (3) $38,034.37 in additional prejudgment interest from October 1, 2019 through May 28, 2020; and (4) post-judgment interest accruing at the legal rate.  (Doc. No. 23.)

On June 11, 2020, plaintiff filed the pending motion for attorneys' fees and costs.  (Doc. No. 25.)  Therein, plaintiff seeks an award of attorneys' fees in the amount of $15,212.00 and an award of costs in the amount of $496.80.  (Doc. No. 25-1 at 2.)  Defendant has not filed an opposition to the pending motion, or otherwise communicated with the court.

**DISCUSSION**

**A.    Choice of Law**

Each of the four contracts at issue contains a "Governing Law" provision which states that the contracts "shall be governed by and construed in accordance with the internal laws of the State of North Carolina without regard to principles of conflict of laws." (Doc. No. 25-3 at 4, 12, 20, 28.)  As the Ninth Circuit has explained,

> [w]hen an agreement contains a choice of law provision, California courts apply the parties' choice of law unless the analytical approach articulated in § 187(2) of the Restatement (Second) of Conflict of Laws . . . dictates a different result.  Under the Restatement approach, the court must first determine "whether the chosen state has a substantial relationship to the parties or their transaction, . . . or whether there is any other reasonable basis for the parties' choice of law." *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 11 Cal. Rptr. 2d 330, 834 P.2d 1148, 1152 (1992).  "If . . . either test is met,

2

> the court must next determine whether the chosen state's law is contrary to a fundamental policy of California." *Id.* If the court finds such a conflict, it "must then determine whether California has a 'materially greater interest than the chosen state in the determination of the particular issue.'" *Id.* (quoting Restatement (Second) of Conflict of Laws § 187, subd. (2)). If California possesses the materially greater interest, the court applies California law despite the choice of law clause.

*Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1002–03 (9th Cir. 2010)

In the pending motion, plaintiff does not engage with any analysis under the framework articulated by the Ninth Circuit in *Bridge Fund*, and instead moves for attorneys' fees and costs pursuant to both North Carolina and California law. (*See generally* Doc. No. 25.) Nevertheless, the court, in keeping with *Bridge Fund,* does engage in that analysis and in doing so finds that there is a reasonable basis for the parties' choice of law provision here because plaintiff's principal place of business is located in the State of North Carolina. (*See* Doc. No. 1 at 1, 2.) With respect to whether North Carolina's law is contrary to a fundamental policy of California, the court is aware of no conflict between the laws of the two states, and plaintiff does not direct the court's attention to any such conflict. Rather, plaintiff contends that "[r]egardless of whether California or North Carolina law applies, [it] is entitled to recover its attorneys' fees pursuant to the [contracts]." (Doc. No. 25-1 at 3.) The court construes plaintiff's argument as a concession that, as related to its motion for attorneys' fees and costs in this action, no conflict exists between the laws of the states of North Carolina and California.

Accordingly, the court will apply North Carolina law to the pending motion. *See Mushroom Exp., Inc. v. Penske Truck Leasing Co., LP*, No. 13-cv-02622-JM-NLS, 2015 WL 106382, at *3 (S.D. Cal. Jan. 7, 2015) ("If there is no conflict, the court must enforce the parties' choice of law."); *Burgo v. Lady of Am. Franchise Corp.*, No. 05-cv-0518-DOC, 2006 WL 6642172, at *4 (C.D. Cal. May 4, 2006) (same); *Markos v. Sears, Roebuck & Co.*, No. 05-cv-03051-CBM-JWJ, 2005 WL 8155228, at *2 (C.D. Cal. Oct. 4, 2005) (same).

**B.  Motion for Attorneys' Fees**

Plaintiff seeks an award of attorneys' fees in the amount of $15,212.00. (Doc. No. 25 at 2.) "[T]he general rule in North Carolina is that a party may not recover its attorney's fees unless

3

authorized by statute." *Martin Architectural Prod., Inc. v. Meridian Const. Co.*, 155 N.C. App. 176, 181 (2002); *WRI/Raleigh, L.P. v. Shaikh*, 183 N.C. App. 249, 257 (2007) ("[E]ven where parties have contractually obligated themselves to pay attorneys' fees, there must still be statutory authority for their recovery."). Here, plaintiff points the court to North Carolina General Statute § 6-21.2, which states in relevant part:

> Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions: . . .

N.C. Gen. Stat. § 6-21.2. "This statute allows an award of attorneys' fees in actions to enforce obligations owed under 'an evidence of indebtedness' that itself provides for the payment of attorneys' fees." *Kindred of N. Carolina, Inc. v. Bond*, 160 N.C. App. 90, 103 (2003). "The term 'evidence of indebtedness' as used in this section refers to any printed or written instrument signed or otherwise executed by the obligor(s) which evidences on its face a legally enforceable obligation to pay money." *W.S. Clark & Sons, Inc. v. Ruiz*, 87 N.C. App. 420, 422 (1987).

Each of the four contracts at issue in this litigation evidences a legal obligation on defendant's part to pay money to plaintiff. (*See generally* Doc. No. 25-3 at Exs. 1, 3, 5, 7.) Indeed, it was defendant's failure to meet his obligations to pay plaintiff pursuant to the contracts that caused his indebtedness to plaintiff and the filing of this lawsuit. (*See generally* Doc. Nos. 1, 10, 21, 22, 23.) Moreover, the contracts each contain the following operative language:

> Buyer agrees to pay on demand[] all reasonable attorneys' fees and all other costs and expenses which may be incurred by Lender in the enforcement of this Contract or in any way arising out of the protection, assertion, or enforcement of this Contract, whether or not suit is brought.[1]

(*See* Doc. No. 25-3 at 4, 12, 20, 28). Based on this provision in the contracts, and the fact that plaintiff incurred attorneys' fees in prosecuting this action to enforce defendant's obligations

---

[1] The contracts identify the "buyer" as defendant Harveer Hundal. (*See* Doc. No. 25-3 at 2, 10, 18, 26.) The entity identified as the "seller"—a non-party to this action—later assigned its rights under each of the contracts to the "lender," identified as plaintiff Volvo Financial Services (*see id.* at Exs. 2, 4, 6, 8).

pursuant to the contracts, the court finds that plaintiff is entitled to an award of reasonable attorneys' fees under North Carolina General Statute § 6-21.2. *See Suarez v. Camden Prop. Tr.*, No. 19-1367, 2020 WL 3397849, at *6 (4th Cir. June 19, 2020) (upholding the district court's award of attorneys' fees pursuant to North Carolina General Statute § 6-21.2 where the litigation was "reasonably related" to a lease agreement and the lease agreement contemplated the recovery of attorneys' fees).[2]

The court also finds that the amount sought by plaintiff for attorneys' fees—$15,212.00—is reasonable. "An award of attorneys' fees under G.S. 6–21.2 must be supported by evidence and findings of fact showing the reasonableness of the award." *Barker v. Agee*, 93 N.C. App. 537, 544 (1989), *rev'd in part on other grounds,* 326 N.C. 470 (1990). "[W]hen other actions are reasonably related to the collection of the underlying note sued upon, attorneys' fees incurred therein may properly be awarded under G.S. 6–21.2." *Coastal Prod. Credit Ass'n v. Goodson Farms, Inc.*, 70 N.C. App. 221, 227–28 (1984).

Here, plaintiff's counsel declares that "[t]he fees requested by this motion are more than reasonable and were appropriately incurred in the prosecution of this action." (Doc. No. 25-2 at 4.) Indeed, the court has reviewed each of the billing statements submitted with the pending motion and concludes that the legal services rendered by plaintiff's counsel in this action were related to the collection of debts owed by defendant to plaintiff and were not excessive or unreasonably incurred. (*See* Doc. Nos. 25-2 at 4–5; *see also id.* at Ex. 9.)

North Carolina General Statute § 6-21.2(2) provides that where, as here,

> [a] note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

The judgment entered by the court in this action concluded that, with accrued default interest through September 30, 2019, defendant owed the following: $18,385.67 on the first contract; $82,319.44 on the second contract; $205,249.78 on the third contract; and $124,713.27 on the

---

[2] Citation to this unpublished opinion is appropriate pursuant to Fourth Circuit Rule 32.1.

fourth contract. (Doc. No. 22 at 2–3; *see also* Doc. No. 23.) Accordingly, the total outstanding balance on the four contracts is $430,668.16. The requested amount in attorneys' fees of $15,212.00 is therefore roughly 3.5% of the outstanding balance. Thus, plaintiff's requested amount in attorneys' fees is therefore substantially less that the 15% recovery that North Carolina law considers to be presumptively reasonable.

Because plaintiff is seeking less than it is entitled to in attorneys' fees under North Carolina law, and because the prosecution of this action was reasonably related to the collection of the debts owed by defendant to plaintiff, the court finds that an award of $15,212.00 in attorneys' fees is reasonable, and it will therefore grant plaintiff's motion for attorneys' fees. *Bombardier Capital, Inc. v. Lake Hickory Watercraft, Inc.*, 178 N.C. App. 535, 541 (2006) ("Here, the trial court granted attorney fees in an amount less than fifteen percent of the $165,000 award. Attorney testimony, affidavits, and billing statements supported the attorney fees award. Therefore, the trial court did not abuse its discretion, and properly awarded attorney fees pursuant to the Contract.").

### C. Motion for Costs

Next, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, plaintiff seeks an award of costs totaling $496.80, consisting of the $400.00 filing fee in this action and $96.80 in costs incurred in serving defendant with the summons and complaint. (*Id.*; *see also* Doc. No. 25-3, Ex. 10.)

> Federal Rule of Civil Procedure 54(d)(1) and Eastern District Local Rule 292(f) govern the taxation of costs, other than attorney's fees, awarded to the prevailing party in a civil matter. The Supreme Court has interpreted Rule 54(d)(1) to require that district courts consider only those costs enumerated in 28 U.S.C. § 1920.

*Gregorie v. Alpine Meadows Ski Corp.*, No. 2:08-cv-00259-LKK-DAD, 2011 WL 590605, at *2 (E.D. Cal. Feb. 10, 2011) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)); *see also* Fed. R. Civ. P. 54(d)(1); L.R. 292(f). In this regard, 28 U.S.C § 1920 enumerates those costs that may be taxed by the judge or the Clerk of the Court, including "[f]ees of the clerk and marshal." It is well–recognized that "fees for service of process are properly taxed under section 1920." *Gregorie*, 2011 WL 590605, at *4; *see also Alflex Corp. v.*

*Underwriters Labs., Inc.*, 914 F.2d 175, 178 (9th Cir. 1990). Section 1920 notes that "[a] bill of costs shall be filed in the case" for taxable costs. *See also* L.R. 292(a), (b) ("Cost shall be taxed in conformity with the provisions of 28 U.S.C. § 1920," and "the prevailing party may serve on all other parties and *file a bill of costs* conforming to 28 U.S.C. § 1924") (emphasis added). In contrast to taxable costs sought by way of submission of a bill of costs, any "claim for attorney's fees and *related nontaxable expenses* must be made by motion . . .." Fed. R. Civ. P. 54(d)(2)(A) (emphasis added).

Here, although plaintiff as the prevailing party in this action is entitled to an award for the costs that it incurred in filing this action and serving defendant, the court will deny plaintiff's *motion* seeking to recoup those costs because it should instead file a *bill of costs* with the court if it seeks recovery of those taxable expenses.[3]

**CONCLUSION**

For the reasons set forth above, plaintiff's motion for attorneys' fees and costs (Doc. No. 25) is granted in part as follows:

1. Plaintiff's motion for attorneys' fees in the amount of $15,212.00 is granted; and
2. Plaintiff's motion for taxable costs is denied because plaintiff did not follow the proper procedure for recovering those costs; and
3. Plaintiff is granted an opportunity to file a bill of costs in this action seeking to recoup its costs, and any bill of costs filed by September 1, 2020 shall be deemed timely filed.

IT IS SO ORDERED.

Dated:  **August 19, 2020**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff will be permitted an opportunity to file a bill of costs even though the deadline to do so has passed because the pending motion for attorneys' fees and costs was filed within fourteen days after entry of judgment in this action. *See* Fed. R. Civ. P. 54(d); 28 U.S.C § 1920; (*see also* Doc. Nos. 24, 25). The court will consider any bill of costs filed with the Clerk of the Court by September 1, 2020 in this action to be timely filed.