UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLVO FINANCIAL SERVICES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HARVEER HUNDAL,<br><br>　　　　　Defendant. | No. 1:19-cv-00455-DAD-EPG<br><br>ORDER GRANTING IN PART PLAINTIFF'S *EX PARTE* APPLICATION FOR A TURNOVER<br><br>(Doc. No. 31) |

On April 9, 2019, plaintiff Volvo Financial Services filed this suit against defendant Harveer Hundal, alleging various causes of action arising from the alleged breach of four credit sales contracts and security agreements relating to four tractor units. (Doc. No. 1.) Plaintiff was granted default judgment against defendant in this action on May 28, 2020. (Doc. No. 23.) This matter is now before the court on plaintiff's *ex parte* application for a turnover order. (Doc. No. 31.) For the reasons explained below, the court will grant plaintiff's application in part.

**BACKGROUND**

To date, defendant has not responded to the complaint or otherwise appeared in this action. On September 27, 2019, plaintiff filed a motion for entry of default judgment against defendant pursuant to Federal Rule of Civil Procedure 55(b)(1). (Doc. No. 10.) On May 28, 2020, the court adopted findings and recommendations recommending that plaintiff's motion for

1

default judgment be granted in part and denied in part. (Doc. No. 23.) The judgment awarded $318,279.22 in contractual damages, $112,388.94 in default interest through September 30, 2019, $38,034.37 in additional prejudgment interest from October 1, 2019 through May 28, 2020, and post-judgment interest accruing at the legal rate. (Doc. No. 23.)

On June 10, 2021, plaintiff applied for a writ of execution, which was issued the following day. (Doc. Nos. 29, 30.) On June 25, 2021, plaintiff filed an *ex parte* application for a turnover order of one of the tractor units, a 2016 Volvo VNL64T670 (VIN 4V4NC9EH5GN961016), and various documents that plaintiff represents show evidence of title.[1] (Doc. No. 31.)

## LEGAL STANDARDS

In this district, post-judgment proceedings relating to the execution of a judgment must typically comply with California state law:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution––*must accord with the procedure of the state where the court is located*, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a) (emphasis added).

The California Code of Civil Procedure provides procedures for the issuance of turnover orders. Specifically, § 699.040 governs the transfer of the possession of property and documentary evidence of title to property:

> (a) If a writ of execution is issued, the judgment creditor may apply to the court ex parte, or on noticed motion if the court so directs or a court rule so requires, for an order directing the judgment debtor to transfer to the levying officer either or both of the following:
>
> (1) Possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody.
>
> (2) Possession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon. An order pursuant to this paragraph may be served when the property or debt is levied upon or thereafter.
>
> (b) The court may issue an order pursuant to this section upon a showing of need for the order.

---

[1] While there are multiple 2016 Volvo VNL64T670's at issue in this case, the turnover order relates to the vehicle identified in paragraph 39 of plaintiff's complaint. (Doc. No. 1 at 6.)

2

> (c) The order shall be personally served on the judgment debtor and shall contain a notice to the judgment debtor that failure to comply with the order may subject the judgment debtor to arrest and punishment for contempt of court.

Cal. Civ. Proc. Code § 699.040.

## ANALYSIS

Plaintiff specifically seeks a turnover order directing defendant to transfer the 2016 Volvo VNL64T670 tractor unit (VIN 4V4NC9EH5GN961016), and "[a]ll documentation evidencing title or registration, including but not limited to any certificates of title, commercial vehicle registrations, diesel emission compliance verifications, CVRA Weight Decals/Year Stickers, permanent fleet registrations, partial year registrations, or international registration plans" to the U.S. Marshals Service. (Doc. No. 31-2 at 2.) Because most of what plaintiff seeks is in accordance with California law, most aspects of plaintiff's request will be granted for the reasons explained below.

First, the application for the *ex parte* turnover order is procedurally proper since it follows the issuance of the writ of execution that plaintiff secured in this case. Cal. Civ. Proc. Code § 699.040(a) ("If a writ of execution is issued, the judgment creditor may apply to the court *ex parte* . . . ."). (*See* Doc. Nos. 29, 30.) Further, the "mobile nature" of the tractor unit and plaintiff's representation that defendant "is presently being pursued by several judgment creditors" weigh in favor of issuing the turnover order on an *ex parte* basis because defendant may seek to conceal the tractor unit should he discover that it is subject to a turnover order. (Doc. No. 31 at 5–6.)

Second, plaintiff has shown a need for the requested turnover order. Cal Civ. Proc. Code § 699.040(b). "The threshold for showing need is relatively low; courts have found the requisite need when a debtor defaulted on a payment program and refused to voluntarily satisfy a judgment, and when a debtor avoided making any payment to the creditor for the better part of a year." *SAS Inst. Inc. v. World Programming Ltd.*, No. 2:18-cv-00603-VAP-PJW, 2018 WL 6843724, at *5 (C.D. Cal. Mar. 23, 2018) (citing *Legal Additions LLC v. Kowalski*, No. 8-cv-2754-EMC, 2011 WL 3156724, at *3 (N.D. Cal. July 26, 2011)). Here, the judgment against

3

defendant has been pending over a year, defendant has not appeared in this action at all, and as plaintiff represents that defendant is "likely insolvent," turnover of the tractor unit, which "was worth approximately $140,508.46 when Hundal purchased it brand new in November 2015," will help to satisfy the outstanding judgment in this case. (Doc. No. 31 at 5–6); *see UMG Recordings, Inc. v. BCD Music Grp., Inc.*, No. 2:07-cv-05808-SJO-FFM, 2012 WL 12882007, at *4 (C.D. Cal. Aug. 9, 2012) ("The Court finds a turnover order appropriate to help curtail DDW's continued dilatory tactics and give effect to the assignment order, and finds that DDW's behavior in refusing to pay any portion of the settlement amount or judgment suffices to demonstrate the need for such an order.").

Third, plaintiff seeks the transfer of "[a]ll documentation evidencing title or registration, including but not limited to any certificates of title, commercial vehicle registrations, diesel emission compliance verifications, CVRA Weight Decals/Year Stickers, permanent fleet registrations, partial year registrations, or international registration plans" to the U.S. Marshals Service to help it collect on the judgment plaintiff obtained. (Doc. No. 31-2 at 2.) A turnover order may issue to transfer "[p]ossession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon." Cal. Civ. Proc. Code § 699.040(a)(2). The portions of plaintiff's request covering "diesel emission compliance verifications" and "CVRA Weight Decals/Year Stickers" do not appear, however, to fall within the scope of this section of the California Code of Civil Procedure. Accordingly, the court will not subject these categories of documents to the turnover order.

Lastly, the applicable statute requires that "[t]he order shall be personally served on the judgment debtor and shall contain a notice to the judgment debtor that failure to comply with the order may subject the judgment debtor to arrest and punishment for contempt of court." Cal. Civ. Proc. Code § 699.040(c). The proposed order does not account for this provision, but the turnover order issued by the court below does. (*See* Doc. No. 31-2.)

Although the court will issue a turnover order in this action, the court will not adopt the precise request plaintiff makes in its *ex parte* application. Regarding who is subject to the turnover order, the body of plaintiff's application states that it "is seeking an order directing

4

Hundal *and/or anyone under his control* to transfer to the levying officer Collateral #3, a 2016 Volvo VNL64T670, VIN 4V4NC9EH5GN961016." (Doc. No. 31 at 3) (emphasis added). However, plaintiff's proposed order is restricted to defendant: "Judgment Debtor Harveer Hundal [shall] transfer to the U.S. Marshals located at Robert E Coyle Federal Building, 2500 Tulare Street, Suite 3501, Fresno, CA 93721, the following described property[.]" (Doc. No. 31-2 at 2.) Given that the applicable provision provides "for an order directing *the judgment debtor* to transfer to the levying officer" the subject property, the court limits the turnover order just to defendant Hundal.[2] Cal. Civ. Proc. Code § 699.040(a) (emphasis added).

## CONCLUSION

For the reasons discussed above,

1. Plaintiff's *ex parte* application for a turnover order (Doc. No. 31) is granted in part as follows:

    a. A turnover order issues ordering defendant Harveer Hundal to transfer the following described property to the U.S. Marshals located at Robert E. Coyle Federal Building, 2500 Tulare Street, Suite 3501, Fresno, CA 93721:

        i. The 2016 Volvo VNL64T670 tractor, VIN 4V4NC9EH5GN961016; and

        ii. Any certificates of title, commercial vehicle registrations, permanent fleet registrations, partial year registrations, or international registration plans.

2. This turnover order shall be personally served on defendant Harveer Hundal; and

/////
/////
/////
/////
/////

---

[2] Should plaintiff seek a turnover order directed to a third party, it may file another application supported by relevant legal authority.

5

3. Failure to comply with this turnover order may subject defendant Hundal to arrest and punishment for contempt of court.

IT IS SO ORDERED.

Dated: **July 12, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE